# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SETH MARTINS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1741V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Stipulation for Award; Influenza |
| Respondent. | * | ("Flu") Vaccine; Bell's palsy; |
| | * | FluMist. |
| * * * * * * * * * * * * * | | |

*Leah V. Durant,* Law Offices of Leah V. Durant, Washington, D.C., for petitioner.
*Darryl R. Wishard,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION FOR STIPULATION[1]

On November 6, 2017, Seth Martins ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petition.  Petitioner received a Flu-Mist vaccine on November 7, 2014.  *Id.* at 1; Stipulation at ¶ 2 (ECF No. 41).  Petitioner alleged that as a result of receiving the vaccination he suffered Bell's palsy.  Petition at ¶ 4; Stipulation at ¶ 4.

On September 23, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation at ¶ 7.  Respondent denies that petitioner's alleged injury was caused by the vaccine.  *Id.* at ¶ 6.  Maintaining their respective positions, the parities nevertheless now agree that the issues between them shall be settled and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that a decision should be entered awarding compensation to petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1) **A lump sum of $65,000.00, in the form of a check payable to petitioner, which amount represents compensation for all damages available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                    )
SETH MARTINS,                                       )
                                                    )
                    Petitioner,                     )        No. 17-1741V        ECF
                                                    )
        v.                                          )        Special Master Gowen
                                                    )
SECRETARY OF HEALTH                                 )
AND HUMAN SERVICES,                                 )
                                                    )
                    Respondent.                     )
_____ )

## STIPULATION

        The parties hereby stipulate to the following matters:

        1.    Petitioner, Seth Martins, filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of the

influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42

C.F.R. § 100.3(a).

        2.    On November 7, 2014, petitioner received the Flu-Mist vaccine.

        3.    The vaccine was administered within the United States.

        4.    Petitioner alleges that, as a result of receiving the vaccine, he suffered from Bell's

palsy, and that he experienced symptoms of the injuries for more than six months.

        5.    Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of his alleged injuries.

        6.    Respondent denies that the vaccine caused or significantly aggravated petitioner's

1

alleged injury or any other injury; and, denies that petitioner's current disabilities are the result of a vaccine-related injury.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

>    A lump sum of $65,000.00, in the form of a check payable to petitioner.    This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccine administered on November 7, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about November 6, 2017, in the United States Court of Federal Claims as petition No. 17-1741V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.     There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.     The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner sustained a Table injury, or that the vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury.

18.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

4

Respectfully submitted,

**PETITIONER:**

SETH MARTINS

**ATTORNEY OF RECORD FOR
PETITIONER:**

LEAH V. DURANT
Law Offices of Leah V. Durant, PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 775-9200

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

Dated: 9/23/19

5